**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF CABLING CONCEPTS, INC., an Oklahoma Corporation, | |
| Plaintiff, | |
| v. | Case No. 5:26-cv-00236-HE |
| (1) CHEROKEE NATION ENVIRONMENTAL SOLUTIONS, L.L.C.; | |
| (2) CONTI FEDERAL SERVICES, INC. successor in interest to CONTI FEDERAL SERVICES, INC.; | |
| (3) CF2 CONSTRUCTION; | |
| (4) UNLIMITED CONTRACTORS, LLC; | |
| (5) HARCO NATIONAL INSURANCE COMPANY; and | |
| (6) TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
| Defendants. | |

**CHEROKEE NATION ENVIRONMENTAL SOLUTIONS, L.L.C.
AND CF2 CONSTRUCTION'S CROSSCLAIMS
<u>AGAINST DEFENDANT UNLIMITED CONTRACTORS, LLC</u>**

Pursuant to Fed. R. Civ. P. 13(g), Defendant Cherokee Nation Environmental Solutions, L.L.C. ("CNES") and CF2 Construction ("CF2") hereby assert the following Crossclaims against Defendant Unlimited Contractors, LLC ("Unlimited"). In support thereof, CNES and CF2 allege and state as follows:

**EXHIBIT**

**1**

## PARTIES, JURISDICTION, AND VENUE

1.      CNES is a foreign limited liability company with its principal place of business in Orlando, Florida.

2.      CF2 is a joint venture between CNES and Conti Federal Services, Inc. ("Conti").

3.      Upon information and belief, Unlimited is an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas.

4.      The original action was brought pursuant to the Miller Act (40 U.S.C. §§ 3131 et seq.) and supplemental subject matter jurisdiction (28 U.S.C. § 1367(a)). *See* Complaint, Doc. 1, ¶¶ 8-9.

5.      As stated in the Complaint, this Court has personal jurisdiction over the parties and venue is proper in this Court pursuant to 40 U.S.C. § 3133(b)(3) as the construction project at issue is located at Tinker Air Force Base in Oklahoma County, Oklahoma. *See* Complaint, Doc. 1, ¶ 10.

6.      This Court has jurisdiction pursuant to Fed. R. Civ. P. 13(g) as the Crossclaims arise out of the transaction or occurrence that is the subject matter of the original action and/or relates to any property that is the subject matter of the original action.

## STATEMENT OF FACTS

7.      CNES and CF2 adopt and incorporate by reference the preceding paragraphs.

8.      CF2 is a joint venture between CNES and Conti pursuant to the Joint Venture Agreement dated October 19, 2021.

9. The United States Army Corps of Engineers awarded contract number W9128V-22-C-00257 to CF2 for construction at Tinker Air Force Base in Oklahoma (the "Project").

10. CNES issued Subcontracts Numbered 24700-0501, 24700-0502, 247-0505 (collectively, the "Subcontracts") to Unlimited dated February 13, 2023, to provide labor, material, and equipment for the Project.

11. Subsequently, Unlimited contracted with certain sub-subcontractors related to the Project, including, but not limited to, Cabling Concepts, Inc. ("Cabling Concepts").

12. Along with submitting unapproved change orders, Unlimited failed to file Certified Payroll Reports, failed to follow proper procedures required by the Subcontracts, failed to provide requested information and/or supporting documentation to CNES, and failed to ensure its written agreements with its sub-subcontractors were in compliance with the Subcontracts.

13. On or around July 21, 2025, CNES received a Federal Miller Act Bond Claim Notice from Cabling Concepts, claiming an unpaid sum of approximately $420,900.93 (the "Claim").

14. In an attempt to resolve the Claim, CNES requested information from Unlimited several different times to understand the details, which is an express requirement of the Subcontracts.

15. Specifically, as stated in the Subcontracts, "Subcontractor shall, as often as requested by Contractor, furnish such information, evidence and substantiation as Contractor may require with respect to the extent and value of current progress and the

nature and extent of all obligations incurred by Subcontractor in connection with the Work and all payments made by Subcontractor on account thereof."

16. In response to CNES' numerous requests, Unlimited failed to provide the requisite information, evidence, and/or substantiation.

17. Specifically, on February 10, 2025, CNES requested a list of information from Unlimited so that CNES could understand the issues and all actions Unlimited has taken to try and resolve the Claim.

18. However, Unlimited's response (the "Response Letter") only presented a few sentences about adjustments made to invoices without the appropriate details. No dates, examples, or records were provided to support its accounting of events regarding the Claim.

19. Furthermore, the Response Letter did not provide an appropriate accounting or description of each circumstance for CNES's consideration or possible action.

20. Subsequently, as set forth in CNES' March 13, 2025, letter, CNES tried to resolve this matter with Unlimited *again* and requested Unlimited's cooperation in order to resolve the Claim.

21. In the March 13, 2025, letter, CNES informed Unlimited that if it has a true controversy with these parties, CNES required a full accounting and a statement of the appropriate details for consideration be provided to CNES in addition to Unlimited's fulfillment of any information requests made by the bonding company.

22. Despite these attempts, Unlimited failed to resolve the issues, resulting in an investigation conducted by the U.S. Army Corp. of Engineers and the Department of Labor ("DOL") regarding issues with Unlimited's (i) wrongful classification of employees as

apprentices without proper documentation, (ii) low voltage workers performing high voltage work, (iii) large sums of money being withheld from employee paychecks without proper documentation, (iv) unverified fringe benefit payments, and (v) failure to properly submit Certified Payroll Records.

23. Ultimately, as a result of Unlimited's actions and/or inactions, Cabling Concepts filed a Federal Miller Act Bond Claim and the present lawsuit.

24. Accordingly, Unlimited is liable to CNES for all of the claims asserted in this lawsuit against CNES, and CNES is entitled to indemnification from Unlimited with regard to any resulting claims, losses, or damages to the full extent allowed by law and/or the Subcontracts.

25. Additionally, Unlimited is also liable to CNES and/or CF2 for any violations, restitution, and/or penalties imposed against CNES related to the DOL investigation.

### <u>COUNT 1: BREACH OF CONTRACT</u>

26. CNES adopts and incorporates by reference the preceding paragraphs.

27. CNES and Unlimited entered into the Subcontracts.

28. CNES has fully performed its obligations under the Subcontracts.

29. Unlimited has materially breached the Subcontracts as set forth above.

30. As a direct result of Unlimited's breach(es), CNES has suffered and will continue to suffer actual damages in an amount to be determined at trial.

31. CNES is entitled to its attorney fees and costs.

### <u>COUNT II: INDEMNIFICATION</u>

32. CNES and CF2 adopt and incorporate by reference the preceding paragraphs.

33. Any damages incurred by Plaintiff are due to Unlimited's breach(es) of contract and/or the fault of Unlimited.

34. CNES and CF2 are entitled to indemnity from Unlimited relating to any damages incurred by Plaintiff as a result of Unlimited's breach(es) of contract and/or the fault of Unlimited.

35. Accordingly, should CNES and/or CF2 suffer any loss, damage, expense, attorneys' fees, liability, or judgment arising from Plaintiff's claims, Unlimited is liable to indemnify CNES and CF2, including payment of attorneys' fees, costs, expenses, and pre- and post-judgment interest.

36. Additionally, should any violations, restitution, and/or penalties be imposed against CNES and/or CF2 related to the DOL investigation, Unlimited is liable to indemnify CNES and/or CF2, including payment of attorneys' fees, costs, expenses, and pre- and post-judgment interest related to the DOL investigation.

## **PRAYER FOR RELIEF**

WHEREFORE, CNES and CF2 pray for the relief requested herein and for such other further relief as the Court deems just and proper.

Respectfully submitted,

/s/ P. Scott Hathaway
P. Scott Hathaway, OBA #13695
Kayla N. Finnegan, OBA #34651
CONNER & WINTERS, LLP
4100 First Place Tower
15 East 5th Place
Tulsa, Oklahoma 74103
(918) 586-5711
(918) 586-8547 fax
shathaway@cwlaw.com
kfinnegan@cwlaw.com
***Attorneys for Defendants CF2, CNES,
Harco, and Travelers***

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of May, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.   Based on the records on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants of record, namely:

Robert W. Bucholz
Robert B. Sartin
Adam Ron Poliner
Anna Broadaway
Benjamin L. Williams
Jake A. Seidel
Lawrence M. Prosen
Melvin R. McVay, Jr.

/s/ *P. Scott Hathaway*
P. Scott Hathaway